UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-10262-DPW |
| v. ) | |
| ) | Violations: 18 U.S.C. § 371 (Conspiracy) |
| ROBERT D'ANDREA and ) | 26 U.S.C. § 7202 (Failure to Collect, |
| DEBRA D'ANDREA, ) | Account For and Pay Over Taxes) |
| ) | |
| Defendants. ) | |
| ) | |

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Defendant ROBERT D'ANDREA (hereafter, "ROBERT D'ANDREA") was an individual residing at 191 Circuit Avenue, Weymouth, Massachusetts.

2.    Defendant DEBRA D'ANDREA (hereafter, "DEBRA D'ANDREA") was an individual residing at 191 Circuit Avenue, Weymouth, Massachusetts.

D&D Steel

3.    ROBERT and DEBRA D'ANDREA were spouses who jointly operated a Massachusetts-based steel erection and rebar business known as D&D Steel (hereafter, "D&D Steel"). D&D Steel began operations in or about 1994.

4.    ROBERT and DEBRA D'ANDREA jointly controlled the operations and business affairs of D&D Steel. DEBRA D'ANDREA was listed as the president, treasurer, clerk and director of D&D Steel. She had responsibility for overseeing and managing D&D Steel's

accounting and bookkeeping functions, including payroll. ROBERT D'ANDREA had responsibility for overseeing and managing D&D Steel's construction jobs and its iron workers.

5. D&D Steel's employees were paid by check on a weekly basis. D&D Steel withheld federal income tax, and social security and Medicare taxes from its employees' paychecks.

6. D&D Steel filed Form 941's, Employer's Quarterly Federal Tax Returns, with the United States Internal Revenue Service ("IRS") reporting specified payroll information to the IRS on a quarterly basis, including the total amount of wages paid, income tax withheld, and social security and Medicare taxes.

7. D&D Steel periodically paid over to the IRS the federal income tax, and social security and Medicare taxes that the company withheld from its employees' wages.

8. D&D Steel failed to file Form 941's or to pay over to the IRS the federal income tax, and social security and Medicare taxes that the company had withheld from its employees' wages for the second, third, and fourth quarters of 1995 and the first quarter of 1996. The IRS conducted an audit of D&D Steel in connection with these four quarters, assessed a payroll tax deficiency of $58,460.79, and issued a levy in that amount on or about February 6, 1997. Shortly thereafter, on or about February 20, 1997, DEBRA D'ANDREA, the record owner of D&D Steel, commenced Chapter 13 bankruptcy proceedings. D&D Steel ceased operations at that time.

RAD Steel

9. Almost simultaneously with the dissolution of D&D Steel, ROBERT D'ANDREA formed RAD Steel. RAD Steel engaged in the same type of steel erection and rebar

business as had D&D Steel.

10. ROBERT D'ANDREA and DEBRA D'ANDREA exercised the same responsibilities at RAD Steel as they had at D&D Steel. The two jointly controlled RAD Steel's operations and business affairs. ROBERT D'ANDREA was listed as the president, treasurer, clerk and director of RAD Steel. He oversaw and managed RAD Steel's construction jobs and workers. DEBRA D'ANDREA oversaw and managed RAD Steel's accounting and bookkeeping functions, including payroll.

## COUNT ONE

### (Conspiracy -- 18 U.S.C. § 371)

11. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment and further charges that:

12. From in or about May, 1997 through in or about December, 2000, in the District of Massachusetts and elsewhere, the defendants

> ROBERT D'ANDREA
> and
> DEBRA D'ANDREA

(hereafter, the "defendants"), did unlawfully, willfully and knowingly conspire, confederate, and agree together with one another to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS") of the United States Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, the collection of, accounting for, and payment over of federal income taxes, and social security and Medicare taxes ("FICA taxes") due and owing on the wages paid by the defendants to the employees of their company, RAD Steel.

## Manner and Means of the Conspiracy

13.     It was part of the conspiracy that ROBERT and DEBRA D'ANDREA implemented payroll practices at RAD Steel that differed materially from the payroll practices that they had utilized at D&D Steel. Among other things, RAD Steel paid its employees in cash, rather than by check. ROBERT and DEBRA D'ANDREA implemented these revised practices with the intention and for the purpose of concealing RAD Steel's payroll, and the associated payroll tax obligations, from the IRS.

14.     It was further part of the conspiracy that ROBERT and DEBRA D'ANDREA withheld federal income taxes, and social security and Medicare taxes from the wages of RAD Steel's employees but did not account for or pay over those taxes to the IRS. RAD Steel filed no Form 941's, Employer's Quarterly Federal Tax Returns, with the IRS. With the exception of approximately five payments, RAD Steel also paid over no taxes to the IRS.

15.     It was further part of the conspiracy that ROBERT and DEBRA D'ANDREA provided payroll and tax withholding documentation to RAD Steel's employees that was intended to make it appear as if all of the federal income taxes, and social security and Medicare taxes being withheld from the employees' wages was being paid over to the IRS when, in fact, it was not. On a weekly basis, RAD Steel's employees were given "payroll record" slips stating the amount of the taxes that had been withheld from their pay during the previous pay period. On an annual basis, employees received a Form W-2 Wage and Tax Statement stating the total amount of the tax withholdings that had been made the previous year. RAD Steel's employees were not informed that the withheld taxes were not being paid over the IRS.

16.     It was further part of the conspiracy that ROBERT and DEBRA D'ANDREA

4

failed to collect, account for, or pay over any taxes relating to overtime pay. Rather, employees were told that they would be paid for overtime work at their straight hourly rate, but that no taxes would be withheld from the overtime pay.

### Overt Acts

17. In furtherance of their conspiracy and to accomplish its objectives, ROBERT and DEBRA D'ANDREA performed numerous overt acts, including, but not limited to, the following:

18. ROBERT and DEBRA D'ANDREA changed business and ownership names shortly after the IRS assessed D&D Steel with a payroll tax deficiency of $58,460.79 and issued a levy in that amount. Following the IRS's issuance of the levy, the defendants dissolved D&D Steel and promptly resumed doing business under the name RAD Steel.

19. ROBERT and DEBRA D'ANDREA cashed RAD Steel's 1997 business receipts at South Boston Check Cashers rather than depositing those receipts into a corporate account held in RAD Steel's name.

20. Beginning on or about the pay period ending May 17, 1997 and continuing at least through the pay period ending December 30, 2000, ROBERT and DEBRA D'ANDREA paid RAD Steel's employees their wages in cash. The defendants did not issue paychecks.

21. Beginning on or about the pay period ending May 17, 1997 and continuing at least through the pay period ending December 30, 2000, ROBERT and DEBRA D'ANDREA withheld federal income taxes, and social security and Medicare taxes from the wages of RAD Steel's employees. The defendants paid over only approximately $18,563.50 of the withheld taxes to the IRS. They did not pay over the remainder of the amounts that they had withheld.

22. Beginning on or about the pay period ending May 17, 1997 and continuing at least through the pay period ending December 30, 2000, ROBERT and DEBRA D'ANDREA paid RAD Steel's employees in excess of $46,000 in overtime wages. The defendants paid employees their straight hourly rate for any overtime worked. The defendants did not withhold any taxes from overtime wages. They did not account for or pay over any such taxes to the IRS.

23. ROBERT and DEBRA D'ANDREA filed no Form 941's, Employer's Quarterly Federal Tax Returns, with the IRS from the inception of RAD Steel in 1997 through December, 2000.

24. ROBERT and DEBRA D'ANDREA have not filed a federal income tax return since 1997. RAD Steel never filed a federal tax return.

25. During the period from May, 1997 through December, 2000, ROBERT and DEBRA D'ANDREA provided RAD Steel's employees with weekly payroll record slips and annual Form W-2 Wage and Tax Statements falsely indicating that federal income taxes, and social security and Medicare taxes were being collected, accounted for and paid over to the IRS.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO through TWELVE

### (Failure to Collect, Account For and Pay Over Taxes - 26 U.S.C. § 7202)

26. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 and 13-25 of this Indictment and further charges that:

27. On or about the dates set forth below, in the District of Massachusetts, defendants ROBERT and DEBRA D'ANDREA, residents of Weymouth, Massachusetts and the sole principals of RAD Steel, a corporation which formerly had its principal place of business in

6

Massachusetts, and who, during the quarters and years listed below, had a duty to collect, truthfully account for, and pay over from the total taxable wages of RAD Steel's employees federal income taxes, and social security and Medicare taxes (hereafter, "Federal Insurance Contribution Act" or "FICA") taxes in the approximate sums listed below, did willfully fail to collect and truthfully account for and pay over to the Internal Revenue Service said federal income taxes and FICA taxes due and owing to the United States of America for each of said quarters, as listed below:

| Count | Date | Quarter/Year | Taxable Wages | FICA Tax | Federal Income Tax | Tax Paid Over to IRS | Total Unreported and Unpaid Tax |
|---|---|---|---|---|---|---|---|
| 2 | 7/31/98 | 2nd/1998 | $57,713.44 | $4,433.76 | $9,882.00 | | $14,315.76 |
| 3 | 10/31/98 | 3rd/1998 | $50,157.49 | $3,848.43 | $8,137.00 | | $11,985.43 |
| 4 | 1/31/99 | 4th/1998 | $53,386.77 | $4,073.03 | $8,644.00 | $752.06 | $11,964.97 |
| 5 | 4/30/99 | 1st/1999 | $43,555.80 | $3,325.04 | $5,758.00 | $1,274.88 | $7,808.16 |
| 6 | 7/31/99 | 2nd/1999 | $74,652.44 | $5,708.00 | $12,050.00 | | $17,758.00 |
| 7 | 10/31/99 | 3rd/1999 | $93,146.83 | $7,125.63 | $13,679.00 | | $20,804.63 |
| 8 | 1/31/00 | 4th/1999 | $41,743.50 | $3,193.41 | $6,322.00 | $1,065.04 | $8,450.37 |
| 9 | 4/30/00 | 1st/2000 | $45,842.50 | $3,507.76 | $5,839.00 | $5,471.52 | $3,875.24 |
| 10 | 7/31/00 | 2nd/2000 | $60,121.27 | $4,599.52 | $9,786.00 | | $14,385.52 |
| 11 | 10/31/00 | 3rd/2000 | $65,370.15 | $5,000.79 | $10,903.00 | | $15,903.79 |
| 12 | 1/31/01 | 4th/2000 | $33,331.83 | $2,549.88 | $5,889.00 | | $8,438.88 |
| Totals | | | $619,022.02 | $47,365.25 | $96,889.00 | $8,563.50 | $135,690.75 |

All in violation of Title 26, United States Code, Section 7202.

## Notice of Additional Factors

The Grand Jury further charges that:

28. Not including relevant conduct within the scope of U.S.S.G. § 1B1.3, the offense charged in Count One of this indictment (conspiracy in violation of 18 U.S.C. § 371) involved a tax loss exceeding $120,000, as described in U.S.S.G. §§ 2T1.9(a)(1), 2T1.1(a)(1), and 2T4.1.

29. Including relevant conduct within the scope of U.S.S.G. § 1B1.3, the offense charged in Count One of this indictment (conspiracy in violation of 18 U.S.C. § 371) involved a tax loss exceeding $200,000, as described in U.S.S.G. §§ 2T1.9(a)(1), 2T1.1(a)(1), and 2T4.1.

30. Not including relevant conduct within the scope of U.S.S.G. § 1B1.3, the offenses charged in Counts Two through Twelve of this indictment (failure to collect, account for and pay over taxes in violation of 26 U.S.C. § 7202) involved a combined tax loss exceeding $120,000, which is comprised of loss amounts equal to or exceeding those set forth in the following table, as described in U.S.S.G. §§ 2T1.6(a) and 2T4.1:

| Count | Tax Loss |
|---|---|
| 2 | $14,315.76 |
| 3 | $11,985.43 |
| 4 | $11,964.97 |
| 5 | $7,808.16 |
| 6 | $17,758.00 |
| 7 | $20,804.63 |
| 8 | $8,450.37 |
| 9 | $3,875.24 |
| 10 | $14,385.52 |

|  |  |
|---|---|
| 11 | $15,903.79 |
| 12 | $8,438.88 |

31.  Including relevant conduct within the scope of U.S.S.G. § 1B1.3, the offenses charged in Counts Two through Twelve of this indictment (failure to collect, account for and pay over taxes in violation of 26 U.S.C. § 7202) involved a combined tax loss exceeding $200,000, which is comprised of loss amounts equal to or exceeding those set forth in the following table plus a loss equal to or exceeding $32,951.16 for the second, third, and fourth quarters of 1997 and the first quarter of 1998, as described in U.S.S.G. §§ 2T1.6(a) and 2T4.1:

| Count | Tax Loss |
|---|---|
| 2 | $18,749.52 |
| 3 | $15,833.86 |
| 4 | $16,038.00 |
| 5 | $11,133.20 |
| 6 | $23,466.00 |
| 7 | $27,930.26 |
| 8 | $11,643.78 |
| 9 | $7,383.00 |
| 10 | $18,985.04 |
| 11 | $20,904.58 |
| 12 | $10,988.76 |

32.  With respect to each count of the indictment in which they are charged, defendants ROBERT and DEBRA D'ANDREA abused a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offenses, as described in U.S.S.G. § 3B1.3.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS  August 26, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

**Criminal Case Cover Sheet**      **U.S. District Court - District of Massachusetts**

Place of Offense: _____    Category No. __II__    Investigating Agency __IRS__

City __Andover__     Related Case Information:

County __Essex__     Superseding Ind./ Inf. __No__    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Robert A. D'Andrea__     Juvenile: ☐ Yes ☒ No

Alias Name _____

Address __191 Circuit Avenue, Weymouth, MA 02188__

Birth date (Year only): __1960__   SSN (last 4 #): __2152__   Sex __M__   Race: __W__   Nationality: __U.S.__

Defense Counsel if known: __George C. McMahon__    Address: __308 Victory Road__
__North Quincy, MA 02171__

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Michael J. Pineault__     Bar Number if applicable _____

Interpreter: ☐ Yes ☒ No     List language and/or dialect: _____

Matter to be SEALED: ☐ Yes ☒ No

☐ Warrant Requested     ☒ Regular Process     ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

Charging Document: ☐ Complaint    ☐ Information    ☒ Indictment

Total # of Counts: ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony __12__

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 8/26/2004     Signature of AUSA: _[signature]_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Robert A. D'Andrea

### U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 371 | Conspiracy | 1 |
| Set 2 | 26 U.S.C. § 7202 | Failure to Collect, Account For and Pay Over Taxes | 2 - 12 |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

≈JS 45 (5/97) - (Revised USAO MA 1/15/04)

# Criminal Case Cover Sheet

U.S. District Court - District of Massachusetts

Place of Offense: _____    Category No. II    Investigating Agency  IRS

City    Andover    Related Case Information:

County    Essex

Superseding Ind./ Inf.    No    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

## Defendant Information:

Defendant Name    Debra A. D'Andrea    Juvenile    ☐ Yes    ☒ No

Alias Name _____

Address    191 Circuit Avenue, Weymouth, MA 02188

Birth date (Year only):  1962    SSN (last 4 #):  8036    Sex  F    Race:  W    Nationality:  U.S.

Defense Counsel if known:    George C. McMahon    Address:  308 Victory Road
                                                                      North Quincy, MA 02171

Bar Number: _____

## U.S. Attorney Information:

AUSA    Michael J. Pineault    Bar Number if applicable _____

Interpreter:    ☐ Yes    ☒ No    List language and/or dialect: _____

Matter to be SEALED:    ☐ Yes    ☒ No

☐ Warrant Requested    ☒ Regular Process    ☐ In Custody

## Location Status:

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:    Ordered by _____ on _____

Charging Document:    ☐ Complaint    ☐ Information    ☒ Indictment

Total # of Counts:    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  12

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  8/26/2004    Signature of AUSA: *[signature]*

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant       Debra A. D'Andrea

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. § 371 | Conspiracy | 1 |
| Set 2  26 U.S.C. § 7202 | Failure to Collect, Account For and Pay Over Taxes | 2 - 12 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**