```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA

    v.                                CRIMINAL NO.
                                        04-10262-DPW

ROBERT D'ANDREA
DEBRA D'ANDREA

**NOTICE OF TRIAL, TRIAL ORDER, AND ORDER OF EXCLUDABLE DELAY**

WOODLOCK, District Judge

After a status conference this date, the following Order is hereby set:

A seven (7) day jury trial is set for **MAY 31, 2005 AT 9:00 A.M.**, in Courtroom #1 on the 3RD floor before the Honorable Douglas P. Woodlock.

The time period from **February 3, 2005 to May 31, 2005** is deemed excludable in the interests of justice.

Trial will continue day on a 9 to 1 schedule until deliberations. A pretrial conference will be held on **MAY 31, 2005, at 9:00 a.m.** unless the parties request an earlier pretrial conference date.

A sample pretrial order form is provided to the parties as an attachment to this order. The parties shall submit a proposed scheduling order outlining dates for disclosure of information in accordance with the pretrial order form, which includes disclosure of the following:

a) the disclosure of exculpatory information identified in

Local Rule 116.2 that has not been previously produced; a general description(including the approximate date, time and place) of any crime, wrong or act the government proposes to offer pursuant to Fed.R.Evid. 404(b);

    b) statements (as defined in 18 U.S.C. §3500(e) and Fed.R.Crim.P. 26.2(f)) of witnesses each party intends to call in its or his case-in-chief;

    c) proposed voir dire questions, proposed jury instructions, and a trial brief,

    d) any motions in limine with supporting memoranda, and replies thereto;

    e) a list of the names and addresses of witnesses the parties intend to call at trial their case-in-chief, and copies of the exhibits to be introduced in the case in chief;

    f) a written stipulation of any facts that they agree are not in dispute;

    g) Jencks Act material; and

    h) excludable delay.

                                                BY THE COURT,

                                               /s/ Michelle Rynne

                                               Deputy Clerk

DATED: February 3, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                        CRIMINAL NO.

**SAMPLE FORM**

**PRETRIAL AND TRIAL ORDER**

WOODLOCK, D.J.

     After an Initial Pretrial Conference held on_____, it is hereby ORDERED that:

1. A hearing on any motion to dismiss, suppress, sever, or other issue that must be resolved prior to trial will be held on _____ at _____.

2. Trial shall commence on_____.

3. The government shall by _____[1] disclose to the defendant:

    (a) The exculpatory information identified in Local Rule 116.2 that has not been previously produced; and

---

[1] Pursuant to Local Rule 117.1(B).

    (b) A general description(including the approximate date, time and place) of any crime, wrong or act the government proposes to offer pursuant to Fed.R.Evid. 404(b).

4. Pursuant to the agreement of the parties, statements (as defined in 18 U.S.C. §3500(e) and Fed.R.Crim.P. 26.2(f)) of witnesses each party intends to call in its or his case-in-chief shall be produced by _____.

5. The parties shall by _____ file proposed voir dire questions, proposed jury instructions, and a trial brief. Any motions in limine with supporting memoranda, shall be filed by _____ Replies to any motion in limine shall be filed by\_\_\_\_\_ .

6. The government shall by _____ :

    (a) Provide the defendant with the names and addresses of witnesses the government intends to call at trial in its case-in-chief. If the government subsequently forms an intent to call any other witness, the government shall promptly notify the defendant of the name and address of that prospective witness.

    (b) Provide the defendant with copies of the exhibits and a premarked list of exhibits the government intends to offer in its case-in-chief. If the governments subsequently decides to offer any additional exhibit in its case-in-chief, the government shall promptly provide the defendant with a copy of the exhibit and a supplemental exhibit list.

7. The defendant shall by _____ :

(a) Provide the government with the names and addresses of witnesses the defendant intends to call at trial in its case-in-chief.  If the government subsequently forms an intent to call any other witness, the defendant shall promptly notify the government of the name and address of that witness.

(b) Provide the government with copies of the exhibits and a premarked list of exhibits the defendant intends to offer in its case-in-chief.  If the defendant subsequently decides to offer any additional exhibit in its case-in-chief, the defendant shall promptly provide the government with a copy of the exhibit and a supplemental exhibit list.

8. The parties shall by _____ file a written stipulation of any facts that they agree are not in dispute.

9. A further Conference shall be held on_____

10. The following period(s) of time are excluded for Speedy Trial Act purposes, pursuant to 18 U.S.C. §316(h):_____

**TRIAL ORDER**

In preparation for trial, it is hereby ORDERED that:

1. Unless otherwise ordered, but by no later than_____, counsel for the government and defense shall:

   A. Exchange proposed written stipulations of fact in a form suitable for presentation to the jury.

   B. File **in triplicate** (original and 2 copies):

      (1) All proposed questions each requests the Court to direct to the jury panel during voir dire examination.

      (2) A Trial Brief addressing anticipated

        disputes concerning evidentiary issues and other matters of law unless a different date has been specified.

      (3) Proposed Jury Instructions with citations to supporting authority.

2. No later than the first day of trial and before impaneling the jury, the government shall submit to the Court **in triplicate**, with additional copies for defense counsel, a list of its witnesses, including their residences or institutional address, and the name of the case agent, if any, who is to sit at government counsel table. Defendant(s) shall submit a list of prospective alibi witnesses and any other witnesses the defendant(s) wish brought to the attention of the jury during voir dire, identified by city or town of residence or by the institutional address.

3. All parties shall, prior to the commencement of trial, mark for identification purposes all proposed exhibits and materials intended to be used as offered during trial. On the first day of trial each party shall file copies and shall file, **in triplicate**, a listing of such proposed exhibits. Such exhibits should be pre-marked in a numerical sequence and labeled either "Government Exhibit" or "Defendant Exhibit".

4. Any request to use special audio-visual or other electronic equipment during the trial shall be made as soon as possible prior to the trial date.

Counsel are advised of the Court's "5 minute-rule", which requires that during jury deliberations, counsel may leave the courtroom, but must appear in court within 5 minutes of a call from the deputy clerk, in order to respond to any jury question or for the return of a verdict. Defense counsel are encouraged, but not required, to bring pagers/beepers with them during jury deliberations, should they desire to leave the courtroom to use the library or the cafeteria, or go to some other location within a 5 minute radius.

BY THE COURT

Dated:

_____

Deputy Clerk