UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CRIMINAL NO. 04-10262-DPW<br>ROBERT D'ANDREA and )<br>DEBRA D'ANDREA )<br>)<br>Defendants. )<br>) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR DOWNWARD DEPARTURE**

The government filed its Sentencing Memorandum in this case on September 6, 2005. On the same day, the defendants filed their own sentencing memorandum, in which they jointly requested a downward departure based on the contention that their offenses are "outside the heartland of Title 26 U.S.C. §7202 violations." The government opposes the defendants' motion.

**I.     NO "HEARTLAND" DEPARTURE IS WARRANTED**

The Sentencing Commission has approved of "heartland" departures under limited circumstances, stating that it "does not foreclose the possibility of an extraordinary case that, because of a combination of . . . characteristics or circumstances [not ordinarily relevant to a departure], differs significantly from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case." U.S.S.G. § 5K2.0, commentary.  The Sentencing Commission has emphasized, however, that cases where this kind of departure is appropriate "will be extremely rare." U.S.S.G. § 5K2.0, commentary.

This is not such a case.  The financial pressures that the D'Andreas cite as explanation

for their conduct are not unique. Many white collar defendants cite to similar circumstances as having motivated their conduct.

Nor do the letters submitted on behalf of the defendants take them outside the "heartland." Without diminishing in any way the defendants' employment history or their participation in their church and community, the government notes the numerous Guidelines cases holding that such facts do not rise to the level of "extraordinariness" sufficient to warrant a departure. United States v. Rushby, 936 F.2d 41, 43 (1st Cir. 1991) (defendant's solid employment history and family responsibilities, "whether taken separately or together", did not justify a departure); see also United States v. Thurston, 358 F.3d 51, 78-80 (1st Cir. 2004) (not surprising for business leaders to engage in civic and charitable activities); United States v. DeBeir, 186 F.3d 561, 573-74 (4th Cir. 1999) (departure based on variety of factors, including defendant's education, strong employment history, efforts at rehabilitation and remorse, was abuse of discretion); United States v. Winters, 174 F.3d 478, 485 (5th Cir. 1999) (sentencing judge abused discretion by departing based on combination of factors, including defendant's 15-year employment history and family ties); United States v. Weise, 128 F.3d 672, 674-75 (8th Cir. 1997) (departure based on defendant's four and one half year employment record and fact that he supported four children was abuse of discretion).

Finally, the government opposes the defendants' alternative request that the Court impose a below-Guidelines sentence pursuant to 18 U.S.C. § 3553(a), based on the nature and circumstances of the offense and/or the history and characteristics of the defendants. The D'Andreas' arguments under section 3553(a) are largely undercut by the historical facts that preceded their criminal conduct in this case. Specifically, the government notes the prior payroll

audit that the Internal Revenue Service conducted of the D'Andreas' predecessor company, D&D Steel.  (See PSR ¶¶ 16-19).  As summarized in the PSR, the D'Andreas received the benefit of a civil resolution of that audit, which uncovered payroll tax deficiencies in four quarters.  To the extent the D'Andreas were not fully aware of their payroll tax obligations prior to the audit – and their filing history suggests they were – they certainly were fully cognizant of those obligations thereafter.  Rather than comply, however, the D'Andreas put D&D in bankruptcy and promptly embarked on a course of conduct that not only violated their tax obligations but also did so in a more deceptive way – by forming a new entity (RAD Steel), paying the employees of that entity in cash, and not filing Forms 941 or 940 with the IRS at all.

Defendants' submissions, both to Probation and to the Court, assert that a number of factors contributed to the foregoing conduct.  Through their pleas, however, the D'Andreas have acknowledged that they acted with full knowledge and intent that they were violating their payroll tax obligations.

Such a knowing violation of the law, coming on the heels of the IRS's civil audit and findings regarding the D'Andreas' payroll practices at their prior company (D&D), militates against the defendants' current request for a below-Guidelines sentence.  For this reason, the United States requests that the Court impose the sentence recommended in the government's sentencing memorandum.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   **/s/ Michael J. Pineault**
        Michael J. Pineault
        Assistant U.S. Attorney
        United States Courthouse, Suite 9200
        1 Courthouse Way
        Boston, MA  02210

Dated: September 8, 2005        (617) 748-3261